# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PPS DATA, LLC, a Nevada Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) C.A. No. _____ |
| v. | ) ) **JURY TRIAL DEMANDED** |
| RDM PAYMENT SOLUTIONS, INC., a Delaware Corporation, and RDM CORPORATION., a Canadian Corporation, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

PPS DATA, LLC ("PPS Data") files this Complaint against RDM PAYMENT SOLUTIONS, INC. and RDM CORPORATION (collectively "RDM") and alleges as follows:

**I.    THE PARTIES**

1. PPS Data, LLC is a Nevada limited liability company having its principal place of business at 3949 South 700 East, Salt Lake City, Utah 84107.

2. RDM Payment Solutions, Inc. is a Delaware corporation and identifies its registered agent as Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.  RDM Payment Solutions, Inc. is a wholly owned subsidiary of RDM Corporation.

3. RDM Corporation is a Canadian corporation with a principal place of business located at 4-608 Weber Street North, Waterloo, Ontario, N2V 1K4.

## II.     JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Personal jurisdiction over Defendants RDM Corporation and RDM Payment Solutions, Inc. is proper in this judicial district pursuant to 28 U.S.C. § 1391 because RDM Corporation and RDM Payment Solutions, Inc. have sufficient minimum contacts with the forum by conducting business within the State of Delaware and as a result of placing goods into the stream of commerce for distribution throughout the United States, including the State of Delaware.  Further, RDM Payment Solutions, Inc. is a Delaware corporation.  For purposes of this case, RDM Corporation and RDM Payment Solutions, Inc. have both consented to the jurisdiction of this court and have both agreed not to contest personal jurisdiction.

6.      Venue is proper in this Court and judicial district, pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## III.    BACKGROUND

7.      NetDeposit, LLC was a software provider for banks, third party processors and commercial businesses to enable check imaging, truncation, optimized clearing and full settlement reporting, including the design and sale of remote deposit capture products and services.  NetDeposit, LLC obtained numerous patents for its check imaging, processing and clearing technology.  On or about October 19, 2010, Netdeposit, LLC changed its name to PPS Data, LLC.  As a result of a name change, Plaintiff PPS Data is now the owner of those patents.

8.      On February 20, 2007, United States Letters Patent No. 7,181,430, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a

Financial Institution" (hereinafter "the '430 Patent"), was duly and legally issued to NetDeposit, Inc. A true and correct copy of the '430 Patent is attached hereto as Exhibit A.

9.  Since its issuance, the '430 Patent has been in full force and effect, and PPS Data, the successor of NetDeposit, Inc., is the owner of the entire right, title, and interest in and to the '430 Patent, including the right to sue for past and present infringements thereof.

10. On October 21, 2008, United States Letters Patent No. 7,440,924, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '924 Patent"), was duly and legally issued to NetDeposit, Inc. A true and correct copy of the '924 Patent is attached hereto as Exhibit B.

11. Since its issuance, the '924 Patent has been in full force and effect, and PPS Data, the successor of NetDeposit, Inc., is the owner of the entire right, title, and interest in and to the '924 Patent, including the right to sue for past and present infringements thereof.

12. On November 24, 2009, United States Letters Patent No. 7,624,071, entitled "Method and System for Processing Financial Instrument Deposits Physically Remote From a Financial Institution" (hereinafter "the '071 Patent"), was duly and legally issued to NetDeposit, LLC.  A true and correct copy of the '071 Patent is attached hereto as Exhibit C.

13. Since its issuance, the '071 Patent has been in full force and effect, and PPS Data, the successor of NetDeposit, LLC, is the owner of the entire right, title, and interest in and to the '071 Patent, including the right to sue for past and present infringements thereof.

14. Defendants RDM designs, manufactures, and markets software, products and services to facilitate remote deposit capture, deposit processing and remote deposit solutions (collectively "RDM remote deposit solutions").  RDM's Image Transaction & Management Service ("ITMS") offering is among these instrumentalities.

15. Defendants RDM and its customers and distribution partners advertise, market, support, maintain, distribute, provide and/or disseminate instructions for the use of RDM's remote deposit solutions, including the ITMS.

## IV. FIRST CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,181,430

16. PPS Data repeats and re-alleges the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. RDM has been and now is directly infringing the '430 Patent in this judicial district, and elsewhere in the United States. Infringements by RDM include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least RDM remote deposit solutions incorporating the patented invention that is described and claimed in the '430 Patent. RDM's remote deposit solutions, including without limitation RDM's ITMS, enable RDM's customers to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling RDM's remote deposit solutions, including without limitation the ITMS, and all like systems and methods that are covered by one or more claims of the '430 Patent, RDM is thus liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(a).

18. RDM is actively and knowingly inducing infringement of the '430 Patent in this judicial district, and elsewhere in the United States, by causing third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, to practice the invention claimed in the '430 Patent in connection with RDM's advertising, marketing, sales, distribution, and information dissemination concerning RDM's remote deposit solutions,

including without limitation the ITMS.  RDM has had actual knowledge of the '430 Patent no later than the filing of this Complaint.  Accordingly, RDM is liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(b).

19. RDM is contributing to the infringement by others of the '430 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the RDM remote deposit solutions, including without limitation RDM's ITMS, which are a material part of practicing the invention claimed in the '430 Patent.  RDM knows that its remote deposit solutions are specially made or adapted for processing financial instrument deposits physically remote from a financial institution and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  RDM advertises, markets, sells, distributes, and/or disseminates information about RDM's remote deposit solution, including without limitation the ITMS through its www.rdmcorp.com website.  RDM has had actual knowledge of the '430 Patent no later than the filing of this Complaint.  Accordingly, RDM is liable for infringement of the '430 Patent pursuant to 35 U.S.C. § 271(c).

20. Third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, directly infringe the '430 Patent by using RDM's remote deposit solutions, including without limitation RDM's ITMS, which are manufactured, marketed, and/or sold by RDM to practice the invention claimed in the '430 Patent.

21. RDM is aware that such third parties thereby directly infringe the '430 Patent.

22. The activities of RDM have been without express or implied license from PPS Data.

23. RDM's infringement of PPS Data's exclusive rights under the '430 Patent will continue to damage PPS Data's business, causing irreparable harm for which there is no

adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

24. As a result of RDM's infringement of the '430 Patent, PPS is entitled to recover from RDM the damages sustained by PPS Data as a result of RDM's wrongful acts in an amount subject to proof at trial.

25. RDM's continued infringement subsequent to notice of the '430 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys fees and costs. RDM has had actual knowledge of the '430 Patent no later than service of this Complaint.

## V.   SECOND CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,440,924

26. PPS Data repeats and re-alleges the allegations of paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. RDM has been and now is directly infringing the '924 Patent in this judicial district, and elsewhere in the United States. Infringements by RDM include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least RDM remote deposit solutions incorporating the patented invention that is described and claimed in the '924 Patent. RDM's remote deposit solutions, including without limitation RDM's ITMS, enable RDM's customers to process financial instrument deposits physically remote from a financial institution. By making, using, importing, offering for sale, and/or selling RDM's remote deposit solutions, including without limitation the ITMS, and all like systems and methods that are covered by one or more claims of the '924 Patent, RDM is thus liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(a).

28.     RDM is actively and knowingly inducing infringement of the '924 Patent in this judicial district, and elsewhere in the United States, by causing third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, to practice the invention claimed in the '924 Patent in connection with RDM's advertising, marketing, sales, distribution, and information dissemination concerning RDM's remote deposit solutions, including without limitation the ITMS.  RDM has had actual knowledge of the '924 Patent no later than the filing of this Complaint.  Accordingly, RDM is liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(b).

29.     RDM is contributing to the infringement by others of the '924 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the RDM remote deposit solutions, including without limitation RDM's ITMS, which are a material part of practicing the invention claimed in the '924 Patent.  RDM knows that its remote deposit solutions are specially made or adapted for processing financial instrument deposits physically remote from a financial institution and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  RDM advertises, markets, sells, distributes, and/or disseminates information about RDM's remote deposit solution, including without limitation the ITMS through its www.rdmcorp.com website.  RDM has had actual knowledge of the '924 Patent no later than the filing of this Complaint.  Accordingly, RDM is liable for infringement of the '924 Patent pursuant to 35 U.S.C. § 271(c).

30.     Third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, directly infringe the '924 Patent by using RDM's remote deposit solutions, including without limitation RDM's ITMS, which are manufactured, marketed, and/or sold by RDM to practice the invention claimed in the '924 Patent.

31. RDM is aware that such third parties thereby directly infringe the '924 Patent.

32. The activities of RDM have been without express or implied license from PPS Data.

33. RDM's infringement of PPS Data's exclusive rights under the '924 Patent will continue to damage PPS Data's business, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

34. As a result of RDM's infringement of the '924 Patent, PPS is entitled to recover from RDM the damages sustained by PPS Data as a result of RDM's wrongful acts in an amount subject to proof at trial.

35. RDM's continued infringement subsequent to notice of the '924 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys fees and costs. RDM has had actual knowledge of the '924 Patent no later than service of this Complaint.

## VI. THIRD CAUSE OF ACTION – INFRINGEMENT OF U.S. PATENT NO. 7,624,071

36. PPS Data repeats and re-alleges the allegations of paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. RDM has been and now is directly infringing the '071 Patent in this judicial district, and elsewhere in the United States. Infringements by RDM include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, a method and system for processing financial instrument deposits physically remote from a financial institution, including at least RDM remote deposit solutions incorporating the patented invention that is described and claimed in the '071 Patent. RDM's remote deposit solutions, including without limitation RDM's ITMS, enable RDM's customers

to process financial instrument deposits physically remote from a financial institution.  By making, using, importing, offering for sale, and/or selling RDM's remote deposit solutions, including without limitation the ITMS, and all like systems and methods that are covered by one or more claims of the '071 Patent, RDM is thus liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(a).

38.    RDM is actively and knowingly inducing infringement of the '071 Patent in this judicial district, and elsewhere in the United States, by causing third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, to practice the invention claimed in the '071 Patent in connection with RDM's advertising, marketing, sales, distribution, and information dissemination concerning RDM's remote deposit solutions, including without limitation the ITMS.  RDM has had actual knowledge of the '071 Patent no later than the filing of this Complaint.  Accordingly, RDM is liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(b).

39.    RDM is contributing to the infringement by others of the '071 Patent in this judicial district, and elsewhere in the United States, by making, using, offering for sale, and selling the RDM remote deposit solutions, including without limitation RDM's ITMS, which are a material part of practicing the invention claimed in the '071 Patent.  RDM knows that its remote deposit solutions are specially made or adapted for processing financial instrument deposits physically remote from a financial institution and are not a staple article or commodity of commerce suitable for substantial noninfringing use.  RDM advertises, markets, sells, distributes, and/or disseminates information about RDM's remote deposit solution, including without limitation the ITMS through its www.rdmcorp.com website.  RDM has had actual

knowledge of the '071 Patent no later than the filing of this Complaint. Accordingly, RDM is liable for infringement of the '071 Patent pursuant to 35 U.S.C. § 271(c).

40. Third parties, such as customers of RDM's remote deposit solutions, including without limitation RDM's ITMS, directly infringe the '430 Patent by using RDM's remote deposit solutions, including without limitation RDM's ITMS, which are manufactured, marketed, and/or sold by RDM to practice the invention claimed in the '071 Patent.

41. RDM is aware that such third parties thereby directly infringe the '071 Patent.

42. The activities of RDM have been without express or implied license from PPS Data.

43. RDM's infringement of PPS Data's exclusive rights under the '071 Patent will continue to damage PPS Data's business, causing irreparable harm for which there is no adequate remedy at law. Accordingly, PPS Data is entitled to injunctive relief against such infringement.

44. As a result of RDM's infringement of the '071 Patent, PPS is entitled to recover from RDM the damages sustained by PPS Data as a result of RDM's wrongful acts in an amount subject to proof at trial.

45. RDM's continued infringement subsequent to notice of the '071 Patent is willful and deliberate, entitling PPS Data to enhanced damages and reasonable attorneys fees and costs. RDM has had actual knowledge of the '071 Patent no later than service of this Complaint.

## VII. PRAYER FOR RELIEF

WHEREFORE, PPS Data respectfully requests that this court enter:

a. A judgment in favor of Plaintiff PPS Data that RDM has infringed the asserted patents;

b.      A temporary, preliminary, and permanent injunction enjoining RDM and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in concert therewith from infringement, including directly or indirectly infringing, or inducing or contributing to the infringement by others of the asserted patents;

c.      A judgment and order requiring RDM to pay PPS Data its damages, costs, expenses and prejudgment and post-judgment interest for RDM's infringement of the asserted patents as provided under 35 U.S.C. § 284;

d.      A judgment and order finding that the damages awarded to PPS Data be increased up to three times in view of RDM's willful infringement of the asserted patents as provided under 35 U.S.C. § 284;

e.      A judgment and order declaring that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PPS Data its reasonable attorneys' fees and other expenses incurred in connection with this action;

f.      Any and all other relief as this Court may deem just and proper be awarded to Plaintiff PPS Data.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), PPS Data hereby demands a trial by jury of any issues so triable by right.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Anthony H. Son
James H. Wallace, Jr.
Brian H. Pandya
WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
Tel: (202) 719-7000

Dated: June 5, 2012
1061951 / 38884

By: */s/ Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff PPS Data, LLC*